

CLEARY, JOSEM & TRIGIANI LLP
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
215.735.9099
Fax: 215.640.3201
www.cjtlaw.org
E-Mail: labor@cjtlaw.org



**MOTION TO COMPEL GRANTED.** Edward Chicago Management, LLC is hereby ordered to respond to Plaintiff's post-judgment interrogatories and requests for production of documents.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

11/1/2022

Jeremy E. Meyer
jmeyer@cjtlaw.org
Admitted in PA, & NJ

November 1, 2022

**By ecf**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

      RE:    UNITE HERE Retirement Fund et. al. v. Edward Village Group, LLC and Edward Chicago Management, LLC
               Civil Action No. 1:21-cv-2141-LJL

Dear Judge Liman:

This office represents the Plaintiffs in the above matter. Please consider this letter as Plaintiffs' renewed letter-motion[1] for an order to compel Defendant Edward Chicago Management, LLC ("Edward Chicago") to respond to Plaintiffs' discovery, or in the alternative, for an informal conference to discuss the issue.

On November 16, 2021, this Court entered an Opinion and Order which granted in part and denied in part Plaintiffs' Motion for Default Judgment against Edward Chicago and its co-Defendant Edward Village Group, LLC ("Edward Village"). (Doc. 26) The same day, the Clerk of the Court entered Judgment against Defendant Edward Chicago for a total of $5,046,869.41. (Doc. 27)

On March 28, 2022, pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure, I served post-Judgment Interrogatories and Requests for Production of Documents concerning the

---

[1] This motion was originally filed on September 30, 2022. (Doc. 28) But it was subsequently denied without prejudice because Plaintiffs did not append the interrogatories and requests for production of documents to the letter-motion. (Doc. 31) This letter-motion corrects that defect with the prior motion. The discovery documents are included with Exhibit A to this Motion.

Honorable Lewis J. Liman
United States District Court
Southern District of New York
November 1, 2022
Page 2

company's assets that may be subject to execution upon Defendant Edward Chicago.[2] A copy of the March 28 letter, with copies of the discovery, is attached as Exhibit A.. I sent the discovery by both regular first class mail and by certified mail, with a cover letter explaining that under the Rules of Civil Procedure, a response was required within thirty days from the date of service. The letter was addressed to Defendant Edward Chicago, care of CT Corp, its registered agent according to the Illinois Secretary of State, at the address Plaintiffs used to personally serve the summons and complaint upon Edward Chicago.

Although I received the return receipt postcard (a copy is attached as Exhibit B), indicating the letter was delivered, Edward Chicago did not respond to the March 28, 2022 letter or its enclosed discovery. On May 31, 2022, I sent the discovery a second time to Defendant Edward Chicago by regular first class mail and by certified mail, along with a cover letter demanding that it provide a response within ten days. A copy of the March 31 letter is attached as Exhibit C. The letter concluded:

> Please consider this as Plaintiffs' attempt to confer in good faith to resolve the issue without Court involvement as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure. If we do not receive a full and complete response to each discovery document, including <u>both</u> signed certifications that appears on page 15 of the Interrogatories and page 4 of the Requests for Production by the end of business on **June 10, 2022**, we reserve the right to seek the appropriate sanction from the Court without further notice.

I received the return receipt postcard for the May 31, 2022 letter indicating it had been delivered. A copy of the postcard is attached as Exhibit D. But Edward Chicago failed to respond to the letter or the discovery. Indeed, Edward Chicago has never made any effort to contact me or the Plaintiffs since this lawsuit was initiated in 2021.

Defendant Edward Chicago has never entered an appearance in this case, nor has any attorney communicated that it represents that company. The only contact information I had for Edward Chicago since its hotel closed was the registered agent, CT Corp. Between September 22, 2022 and September 28, 2022, I have made numerous attempts to contact CT Corp by telephone to inquire about a response to the discovery, at various telephone numbers. Specifically, I initially

---

[2] I also sent similar discovery to Defendant Edward Village, care of Edward Village's registered agent in Michigan. That registered agent had accepted service of the Complaint and I had served copies of all subsequent documents upon that address. Later, I received a letter from that agent stating that it was no longer the registered agent for that company and could no longer accept service on its behalf. We have been unable to locate another agent for Edward Village and have not been able to service discovery on that defendant. Accordingly, this motion only seeks to compel a response from Defendant Edward Chicago.

tried to call CT Corp at the number in my file for its office 208 S. LaSalle Street in Chicago, the address where service was made. I called that number (773-649-9241) five times at different times of the day over the course of two days, September 22 and 23. Each time the phone would ring a few times, and then the line would disconnect. I later found a different local number for the office (312-263-1414). When I called that number. I spoke to a receptionist who, after I explained my inquiry, asked me to call a different number (800-981-7183) and to talk to CT Corp's "SOP team."[3] However, when I called that number, I was told I had reached a different company, Biz Filing, which the agent on the phone described as a "sister company" to CT Corp. The Biz Filing agent gave me yet another number for CT Corp (877-467-3525).

On September 28, 2022, I called that number and spoke to an agent named Anthony. Anthony confirmed that he was speaking for CT Corp and that it was the registered agent of Edward Chicago. He told me that my November 16, 2021 and March 28, 2022 letters, including the discovery enclosed with those letters, would have been forwarded to Edward Chicago by CT Corp. If CT Corp had not forwarded those letters, or if the letter returned to CT Corp, I would have been notified by CT Corp that it could not be delivered. Because I received no such notice, Anthony told me I could assume both letters and their enclosures were delivered. I asked Anthony for the address and telephone number to contact Edward Chicago directly, but he told me that he could not provide that information to me due to CT Corp's confidentiality policies. I asked if he could communicate to Edward Chicago the fact that I called, but Anthony would not give a definitive answer whether my message would be delivered.

I submit the foregoing constitutes Plaintiffs' attempts to confer in good faith with Defendant Edward about the post-Judgment discovery without the Court's involvement under FRCP Rule 37(a)(1) and a good faith attempt to confer by telephone with Defendant Edward Chicago under Part 4.C and D of your Individual Practices.

Under these circumstances, where neither Plaintiffs nor the Court has received any appearance or communication from Defendant Edward Chicago throughout this lawsuit, I do not believe that the usual informal conference to resolve discovery issues would be productive. Accordingly, Plaintiffs respectfully request that it enter an Order compelling Defendant Edward Chicago to respond to Plaintiffs' discovery.

Respectfully submitted,

JEREMY E. MEYER

cc: Timothy Clark (by email)
      Tara Zanni (by email)
      Edward Chicago Management, LLC (by mail, c/o CT Corp)

---

[3] The receptionist explained "SOP" stood for "service of process."